## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRAVIS A.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-1067-DWD |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff, who was awarded past-due Social Security disability benefits, moves the Court to approve counsel's request for attorney fees under 42 U.S.C. § 406(b). (Doc. 19). The Commissioner of Social Security has responded to the Motion, stating that it "neither supports nor opposes counsel's request for attorney's fees in the amount of $29,126.50." (Doc. 21). For the following reasons, the Court grants Plaintiff's Motion. In addition, Plaintiff's attorney shall return to Plaintiff the $12,043.98 previously awarded under the Equal Access to Justice Act ("EAJA").

### BACKGROUND

In May 2022, Plaintiff's counsel filed this action seeking review of the Commissioner's denial of Plaintiff's application for Social Security disability benefits. (Doc. 1). Plaintiff and counsel entered a contingency contract providing that counsel

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

would receive attorney fees of 25 percent of all past-due benefits awarded to Plaintiff and any beneficiaries by the Administration. (Doc. 19- 5). The agreement also assigned to counsel any attorney fees awarded pursuant to the EAJA. (*Id.*).

On July 15, 2022, the District Court entered an Order remanding Plaintiff's case to the Commissioner of Social Security for further proceedings. (Doc. 10). Following the remand, Plaintiff appeared before an Administrative Law Judge ("ALJ").  The ALJ later issued a decision in favor of Plaintiff and found him entitled to past-due benefits as of October 2016. (Doc. 19-1). The Social Security Administration (SSA) issued a Notice of Award and withheld $24,659.50, or 25 percent of Plaintiff's past-due benefits, for potential attorney fees. (*Id.* at p. 3). The SSA also awarded benefits to Plaintiff's auxiliaries and withheld $3,801.00, $3,933.00, and $3,933.00 from each auxiliary's past-due benefits for attorney fees (a total of $11,667.00). (Docs. 19-2, 19-3, and 19-4).

As noted by Counsel, 25% of Plaintiff's past-due benefits, including his auxiliaries past-due benefits, amounts to $36,326.50 ($24,659.50 +11,667.00). However, a different attorney, Stacy Dembo, represented Plaintiff at his remand hearing and received $7,200.00 in administrative fees. Accordingly, in an effort not exceed 25% of Plaintiff's past-due benefits, counsel now seeks authorization to collect **$29,126.50** (25% of Plaintiff and his auxiliaries' past-due benefits, less the administrative fees paid to Stacy Dembo). Additionally, counsel states that, should the Court award the 406(b) fees as requested, counsel will refund to Plaintiff **$12,043.98**, the amount previously awarded to counsel under the EAJA (counsel was awarded $11,655.67 in EAJA fees in 2022 and $388.31 in EAJA fees in 2022). (Doc. 19).

## LEGAL STANDARD

The Seventh Circuit Court of Appeals recently summarized the key statutory provisions that govern the award of fees to those who successfully represent Social Security claimants in administrative and court proceedings. *O'Donnell v. Saul*, 983 F.3d 950, 952 (7th Cir. 2020).

First, 42 U.S.C. § 406(a) authorizes the SSA to award a reasonable fee to attorneys who successfully represent claimants in administrative proceedings before the Commissioner. *Id.*

Second, 42 U.S.C. § 406(b)(1) allows a federal district court to award a reasonable fee to an attorney who successfully represents a claimant in federal court, not to exceed 25 percent of the total past-due benefits to which the claimant is entitled. *Id.* While the language of § 406(b)(1) only refers to benefits to which a claimant is entitled, the Supreme Court has explained that counsel may include 25 percent of the claimant's dependent's past-due benefits in his requested fee. *Hopkins v. Cohen*, 390 U.S. 530, 534-35 (1968); *Linda G. v. Saul*, 487 F. Supp. 3d 743, 745 (N.D. Ill. 2020).

The 25 percent cap mandated in § 406(b)(1) applies only to representation provided before the federal district court and does not include any fees awarded by the SSA under § 406(a). *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). Thus, an attorney may ultimately be awarded more than 25 percent of the past-due benefits when the awards under §§ 406(a) and (b)(1) are combined. *Id.*; *O'Donnell*, 983 F.3d at 952.

Finally, the EAJA provides that "a court may award reasonable fees and expenses of attorneys" to parties who prevail "in any civil action brought by or against the United

3

States or any agency" thereof. 28 U.S.C. § 2412(b). Congress amended the EAJA in 1985 to clarify that if a claimant's attorney receives fees for the same work in federal court under both § 406(b)(1) and the EAJA, the attorney must refund to the claimant the amount of the smaller fee.[2] *Id*.

Ultimately, the attorney bears the burden of proving the fees requested are reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n.17 (2002). Where the parties have a contingent fee agreement, § 406(b) controls, but does not displace the agreement as the primary means by which fees are set for successfully representing the claimant in federal court. *Id*. at 807. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. *Id*. A reduction may be appropriate where an attorney provided substandard representation, where the attorney is responsible for a delay and would profit from the accumulation of benefits during the pendency of the court case, or where the amount requested would be a windfall to the attorney in light of the time and effort expended. *Id*. at 808.

## DISCUSSION

Having reviewed the circumstances presented here, including the time and effort expended by counsel,[3] the result received by plaintiff, the amount of the past-due

---

[2] This is because 42 U.S.C. § 406(b)(2) makes it a misdemeanor for an attorney to charge, demand, receive, or collect a fee for court representation in excess of the 25 percent of past-due benefits permitted under § 406(b)(1). *Id*. This led to attorneys fearing they were committing a misdemeanor under § 406(b)(2) by collecting EAJA fees and court fees under § 406(b)(1). *Id*.

[3] Counsel indicates that he spent 55.3 hours representing this case before the Federal District Court. (Docs. 19-7 and 19-8).

benefits[4] and the value of the projected benefits over plaintiff's expected life span, the Court concludes that **$29,126.50** is a reasonable fee.

The Court notes that the Commissioner does not oppose the motion. While the Commissioner has no direct stake in the § 406(b)(1) fee request, she "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6.

Wherefore, Plaintiff's Motion for Attorney Fees under 406(b) of the Act (Doc. 19) is **GRANTED**. The Court awards Plaintiff's counsel, Cody Marvin, a fee of **$29,126.50** (twenty-nine thousand, one hundred twenty-six dollars and fifty cents).

Counsel shall refund to Plaintiff the amount previously awarded under the EAJA, **$12,043.98**.

**SO ORDERED.**

Dated: April 19, 2024

DAVID W. DUGAN
United States District Judge

---

[4] Plaintiff and his family received approximately $145,000.00 in past due benefits.